### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NIKKI GAY, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>JUDGE JOHN BELL and ASSISTANT )<br>STATES ATTORNEY JESSIE BROCKWAY, )<br>)<br>    Defendants. ) | Case No. 06-4058 |

## O R D E R

This matter is now before the Court on Plaintiff's Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 and proposed complaint. Section 1915(e) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief can be granted.

28 U.S.C. § 1915(e)(2)(B).

A review of Gay's proposed complaint reveals a rambling monologue that clearly indicates that she is asking this Court to intervene in her ongoing state court criminal proceedings, as she states that her pretrial hearing is scheduled for August 23, 2006. It would appear that she is attempting to bring a cause of action against the Circuit Court Judge who is presiding over her state court case, as well as the Assistant States Attorney who is prosecuting her for battery against a law enforcement officer.

To the extent that the state court judgment is not yet final, this Court finds that the appropriate action is to abstain based on the holding in *Younger v. Harris*. 401 U.S. 37

(1971). *Younger* held that absent extraordinary circumstances, a federal court should not enjoin a pending state criminal proceeding. *Id.* at 53–54. *Younger* abstention presupposes that the state court is an adequate forum to address Plaintiffs allegations, and in this case, the state court is providing her with an opportunity to present evidence, cross-examine witnesses, and challenge the evidence presented by state officials. Accordingly, to the extent that Plaintiff's state court criminal case is still pending, this Court must abstain from hearing Plaintiffs' allegations, and her complaint is dismissed for lack of jurisdiction.

### **CONCLUSION**

For the reasons set forth above, Plaintiff's Application to Proceed in Forma Pauperis [#1] is DENIED, and this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

ENTERED this 25th day of August, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge